Louis A. Coquard, Appellant, v. The School District of Joplin *et al.*, Respondents.

Kansas City Court of Appeals, May 25, 1891.

**Public Corporations:** NOT LIABLE FOR REFUSAL TO ACCEPT BID. Although a notice has been published inviting bids for corporate securities, yet the contract is incomplete until the proposal is accepted and the corporation inviting the proposal is not liable for damages for refusing to accept an offer, even though it be the highest regular offer made; much more so when the notice reserves the right to reject any and all bids.

*Appeal from the Jasper Circuit Court.*—HON. M. G. McGREGOR, Judge.

AFFIRMED.

*Clover & Clover* and *C. H. Montgomery*, for appellant.

(1) The court erred in sustaining a demurrer to plaintiff's petition. Defendant's demurrer admits everything stated in plaintiff's petition and it undoubtedly states a cause of action. *McKinzie v. Mathews*, 59 Mo. 99. (2) The acceptance of a bid made under an advertisement for sealed proposals for constructing a public work, if the bid is regularly made and is the lowest one, creates a vested right to the contract of which the bidder cannot be deprived by subsequent legislation, without compensation. *Matter of the Protestant Episcopal School*, 58 Barb. (N. Y.) 161; Howard Pr., 139; *Beaver v. Institution for Blind*, 19 Ohio St. 97. In such case, after the day limited for the filing of proposals, and after the same have been opened, the trustees are vested with no discretion to permit an amendment or alteration of any such proposal on account of any alleged mistake therein, unless the facts of such mistake, and the requisite data for correcting the same, are apparent on the face of the proposals. *Beaver v. Institution for Blind, supra;* Pollock's Principles of Contracts, p. 175; *Dement v. Rokker*, 126 Ill. 189.

*J. W. McAntire*, for respondents.

(1) "An absolute acceptance of a proposal, coupled with any qualification, will not be regarded as a complete contract, because there at no time existed the requisite mutual assent to the same thing in the same sense." *Eads v. The City of Carondelet*, 42 Mo. 113;

*Robinson v. Railroad*, 75 Mo. 494; *Lungstras v. Ins. Co.*, 48 Mo. 201; *Taylor v. Fox*, 16 Mo. App. 527; 2 Benjamin on Sales, ch. 3; 2 Sutherland on Damages, p. 354; 27 Mich. 324; 28 Mich. 205; 33 Mich. 386; 31 Ark. 155; *In Matter Saline Co.*, 45 Mo. 55; *State v. Court*, 51 Mo. 350; *Railroad v. St. Louis*, 92 Mo. 160; *Buchanan v. School District*, 25 Mo. App. 85. (2) *Matter of the Protestant Episcopal School*, 58 Barb. (N. Y.) 161, and other authorities cited under that clause of appellant's brief, are not applicable to this case. That was only a reiteration of the doctrine that the legislature could not pass a law impairing the obligation of contracts, or retrospective in its operation. In this case no such question arises.

GILL, J.—Plaintiff in his petition alleged in substance: That the defendant school district is a corporation and the other defendants compose the board of directors thereof; that on December, 1889, defendants advertised for bids for a certain number of bonds to be issued by said school district, and that sealed proposals would be received up to noon of January 9, 1890; that in said notice, or advertisement, defendants reserved the right to reject any and all bids; that plaintiff, a dealer in such securities, within the time suggested by said advertisement, did make a sealed proposal for the purchase of said bonds and did comply with all the terms and requirements of said notice, and did deposit the sum of money required for a faithful performance of his bid if the contract should be awarded him; that plaintiff was the highest bidder for said proposed bonds, etc.; but that defendant refused to award the contract for said bonds or to sell the same to plaintiff—whereupon he suffered great loss for which he asks judgment. Defendants interposed a demurrer to the petition, on the ground that no cause of action was therein stated. The circuit court sustained the demurrer; and, plaintiff refusing to amend, final judgment for defendants was entered, whereupon plaintiff has appealed to this court.

I.   The petition did not state a cause of action, and the demurrer thereto was properly sustained. There was no contract between plaintiff and defendants. Defendants simply advertised for *proposals* for a loan. They did not even say to plaintiff, " We will award the bonds to you if you are the highest bidder." By the notice bids were solicited, it is true ; but on the face thereof ( according to the allegations of plaintiff's petition ) defendants expressly reserved the right to *reject any and all bids*.

Dillon, in his work on municipal corporations ( third edition, section 470 ), uses this language :   " Although notice has been published inviting proposals to do public work, yet the contract is incomplete until the proposal is actually accepted, and the corporation on inviting the proposal is not, it seems, liable for damages for refusing to accept an offer, even though it be the lowest regular offer made." This was said, too, in reference to published invitations to bid for public work without such a reservation as contained in defendants' notice. How much stronger will this doctrine apply where the corporation, in express terms, reserves to itself the right to reject any and all bids, as is the case here. The authorities cited by plaintiff's counsel have no application whatever to the case at bar. For cases in point see *Smith v. Mayor*, 10 N. Y. 507 ; *People v. Croton Aqueduct*, 26 Barb. 251 ; *State ex rel. Howlett v. Directors*, 5 Ohio St. 235.   Judgment affirmed.   All concur.